**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ANGELA K.,[1]

Civil No. 22-2182 (JRT/ECW)

Plaintiff,

v.

**ORDER GRANTING MOTION FOR**
**ATTORNEY'S FEES**

FRANK BISIGNANO, *Commissioner of Social Security*,

Defendant.

---

Plaintiff Angela K. brought this action against the Commissioner of the Social Security Administration ("the Commissioner") seeking judicial review of the denial of her disability benefits. Both parties moved for summary judgment, and the Court adopted the Report & Recommendation of United States Magistrate Judge Elizabeth Cowan Wright, granted in part Plaintiff's motion to dismiss; denied the Social Security Administration's ("SSA") motion to dismiss; and remanded the case to the Commissioner for further administrative proceedings. (Order, Aug. 9, 2023, Docket No. 19.) The Court also granted Plaintiff's Petition for Attorneys' Fees, and Plaintiff was awarded $6,152.50, pursuant to the Equal Access to Justice Act ("EAJA"). (*See* Order, Sept. 28, 2023, Docket

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in Social Security opinions such as this Order.

No. 30.) On remand, the SSA determined that Plaintiff is entitled to benefits for a period of disability beginning in December 2018. (Pl.'s Ex. 1, May 29, 2026, Docket No. 49.)

Plaintiff received a Notice of Award indicating that 25% percent of the Plaintiff's past due benefits is $21,426.50. (*Id.*) Plaintiff's child received a Notice of Award for auxiliary benefits indicating that 25% of the auxiliary past due benefits is $3,040.25. (Ex. 2, May 29, 2026, Docket No. 50.)

Plaintiff's counsel, James H. Greeman, now moves for award of attorney's fees pursuant to 42 U.S.C. § 406(b). (Mot. Att'y's Fees, May 29, 2026, Docket No. 47.) The Commissioner neither supports nor opposes Plaintiff's counsel's request for attorney's fees but does request that the Court distinguish between the full amount determined as reasonable under § 406(b) and the net amount awarded for payment purposes. (Def.'s Resp. to Pl.'s Mot. for Att'y's Fees, June 12, 2026, Docket No. 54.)

Because the Court finds that the requested fees are reasonable, the Court will grant the motion for attorney's fees and will award Angela K.'s counsel $18,314.25, which is the total $24,466.75 award under 42 U.S.C. § 406(b) minus the $6,152.50 in previously awarded EAJA fees.

**DISCUSSION**

I.     **REASONABLENESS OF ATTORNEY'S FEES**

A court may award counsel for a successful Social Security claimant "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits." 42 U.S.C. § 406(b)(1)(A). Although contingency fee arrangements are

permissible, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  Courts do this by first looking at the agreement itself and then testing the actual award for reasonableness "based on the character of the representation and the results the representative achieved." *Id.* at 808.  The Court may reduce the fee awarded when counsel's representation is substandard, when counsel delays the proceedings resulting in the accumulation of benefits, or when the "benefits are large in comparison to the amount of time counsel spent on the case." *Id.*

Because the Court finds the requested attorney's fees are reasonable and warranted under the statute and the retainer agreement, the Court will award counsel $24,466.75 in attorney's fees under 42 U.S.C. § 406(b).  First, counsel's representation was successful.  Second, the fee agreement does not facially violate 42 U.S.C. § 406(b) because it is not more than 25 percent, and contingency fees are common in social security cases.  See *Miller v. Kijakazi*, No. 19-2842, 2021 WL 5216903, at *2 (D. Minn. Nov. 9, 2021).  Third, the representation was not substandard as indicated by the final result, and there is no evidence of significant or unreasonable delay.

Finally, the full 25 percent award would not result in a disproportionate payment to counsel based on the time spent on the case, the complexity of the proceedings, and the risk counsel assumed in a contingency arrangement.  Angela K.'s counsel does not indicate how many hours he spent working on the case, but he does indicate that his

hourly rate would be approximately $915 per hour. The Court concludes that this rate is not unreasonable based on the risk counsel assumed with the contingency fee arrangement, does not represent a windfall for counsel, and is comparable to the rates awarded in other Social Security cases in the District of Minnesota. *See, e.g.*, *Jody A. E. v. Saul*, Civ. No. 16-969, 2019 WL 4928921, at *2 (D. Minn. Oct. 7, 2019) (approving $1,229.63 effective hourly rate); *Smith v. Astrue*, Civ. No. 06-2091, 2008 WL 2609443, at *4 (D. Minn. June 24, 2008) (approving $1,141.91 effective hourly rate); *Mary F. v. Saul*, Civ. No. 20-111, 2021 WL 6338632, at *2 (D. Minn. Dec. 21, 2021) (recommending an award of fees with an effective rate of $970.65), *report and recommendation adopted,* 2022 WL 93944 (D. Minn. Jan. 10, 2022).

## II.   REFUND OF EAJA FEES TO ANGELA K.

When an attorney is awarded fees for the same work under both the EAJA and 42 U.S.C. § 406(b)(1)(A), the attorney must refund the smaller of the two amounts to the claimant. *Gisbrecht*, 535 U.S. at 796 (citation omitted). The Court previously awarded Angela K.'s counsel $6,152.50 in EAJA fees. Because the award under the EAJA is smaller than the award under 42 U.S.C. § 406(b)(1)(A), counsel must refund the $6,152.50 award to Angela K.

Counsel requests the Court deduct the EAJA refund from the § 406(b) award, negating the need for counsel to issue a separate refund after receiving the § 406(b)

award.[2]  The Court concludes that this offset approach is appropriate.  *See Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1273–74 (11th Cir. 2010); *Crawford v. Astrue*, 586 F.3d 1142, 1144 n.3 (9th Cir. 2009).  Accordingly, the Court will reduce the § 406(b) award by the $6,152.50 EAJA refund, resulting in a net award of $18,314.25. Because the EAJA refund will be accounted for in the net award, Angela K.'s counsel will not owe Angela K. any further EAJA refund.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b) (Docket No. [47]) is **GRANTED**;

2. Plaintiff's counsel is awarded $18,314.25, representing an award of $24,466.75 pursuant to 42 U.S.C. § 406(b) minus $6,152.50 in refunded EAJA fees; and

3. Plaintiff's counsel need not issue a separate refund of EAJA fees that are accounted for in this Order to Plaintiff.

DATED:  August 4, 2026
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

---

[2] Counsel inaccurately states that he is voluntarily reducing his 406(b) fee request by the amount received in EAJA fees.  (*See* Docket No. 47.)  The reduction is not voluntary; the law requires it.  When an attorney receives fees under both the EAJA and 42 U.S.C. § 406(b), the attorney must refund the smaller fee awarded to the claimant. *See Gisbrecht*, 535 U.S. at 796.